779 F.2d 51
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LAKESHORE FINANCIAL CORPORATION, a Delaware Corporation;
HACKLEY UNION NATIONAL BANK AND TRUST COMPANY OF
MUSKEGON, a National Banking
Association,
Plaintiffs-
Appellees,
Cross-Appellants,
v.
LYNDON D. COMSTOCK, Defendant-Appellant, Cross-Appellee.
 84-1513, 84-1530
 United States Court of Appeals, Sixth Circuit.
 10/16/85
 
 AFFIRMED
 W.D.Mich., 587 F.Supp. 426
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN
 BEFORE: LIVELY, Chief Judge; CONTIE, Circuit Judge; and BROWN, Senior Circuit Judge.
 
 
 1
 This case presents an appeal and a cross-appeal from a judgment of a district court in a diversity action. The plaintiff sought a declaratory judgment in a Michigan state court to the effect that it was not indebted to the defendant for services he claimed to have performed in bringing about the merger of two banks. After removing the action to the United States District Court for the Western District of Michigan, the defendant filed an answer and counterclaim in which he claimed a finder's fee for services performed for the plaintiffs. After discovery was completed the district court filed an opinion in which it held that Michigan's Real Estate Brokers and Salespersons Act, M.C.L.A. Sec. 451.201 et seq., prohibited the payment of compensation to the defendant because he did not possess a brokers license. The district court also concluded that the Michigan Statute of Frauds did not apply since the transaction involved did not constitute the sale of an interest in real estate as required to make the Statute of Frauds applicable. The district court entered judgment for the plaintiff declaring that the plaintiff was not indebted to the defendant for a finder's fee.
 
 
 2
 On appeal, the defendant argues that federal laws governing bank sales and mergers have preempted the field and that the district court erroneously relied on state law. We disagree. There is nothing in the pervasive federal regulations of the banking industry which indicates that state law does not control the purely collateral matter of compensation for services in connection with a bank merger. The defendant also contends that the district court misconstrued the meaning of the Michigan Real Estate Brokers and Salespersons Act by applying its provisions to a single isolated transaction. It is the position of the defendant that the Act only applies to persons engaged in a course of conduct as a broker or salesperson. As the district court pointed out in its opinion, M.C.L.A. Sec. 451.203, as amended in 1953, makes the provisions of the Act applicable to a single transaction.
 
 
 3
 The defendant also argues that the district court should have provided an equitable remedy to prevent unjust enrichment by the plaintiffs. Again, applying Michigan law the district court found that there can be no quantum meruit recovery because the agreement to pay compensation to an unlicensed broker or salesperson, if such an agreement were actually made, would be void as against public policy. The defendant has made no showing that this interpretation of Michigan law by a United States District Judge sitting in Michigan is erroneous.
 
 
 4
 This appeal was submitted to the court on briefs, the parties having waived oral argument. Upon consideration of the record on appeal and the briefs the court concludes that the district court correctly applied the law of Michigan and that the defendant is not entitled to recover a finder's fee. The court does not reach the issue raised on cross-appeal whether the district court properly determined that the Statute of Frauds did not apply.
 
 
 5
 The judgment of the district court is affirmed.